IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-4-BO

| | | |
|---|---|---|
| EDDIE WISE and DOROTHY WISE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| | ) | |
| THE UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE and TOM VILSACK, Secretary | ) | |
| and unnamed successor, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates [DE 6] and for consideration of the motion to proceed *in forma pauperis*. [DE 1].

I.     Memorandum and Recommendation

Judge Gates has filed an M&R recommending that plaintiff Dorothy Wise be dismissed as a plaintiff as she has failed to sign the motion to proceed *in forma pauperis*, the financial disclosure statement, and the notice of self-representation. A district court is required to review an M&R *de novo* if a party specifically objects to it or in cases of plain error. 28 U.S.C. § 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). The district court is only required to make a *de novo* determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Plaintiffs have not objected to the M&R. The Court finds no error and ADOPTS the M&R in its entirety. Plaintiff Dorothy Wise is DISMISSED.

II.  Motion to Proceed *In forma Pauperis* and frivolity review

Plaintiff Eddie Wise having demonstrated appropriate evidence of inability to pay the required costs of court, his motion to proceed *in forma pauperis* [DE 1] is GRANTED. The clerk is DIRECTED to file the complaint. [DE 1-1].

A claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff proceeding *in forma pauperis* must "meet certain minimum standards of rationality and specificity," and delusional or fantastic claims which are clearly baseless are subject to dismissal. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). A court may also dismiss all or any part of a complaint which fails to state a claim upon which relief can be granted or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B).

Mr. Wise's complaint seeks a declaration under 28 U.S.C. § 2201, 28 U.S.C. § 1331, and 5 U.S.C. § 706. Mr. Wise and wife Dorothy operate a livestock farm in Nash County, North Carolina and have previously received farm operating loans under the Unites States Department of Agriculture-Farm Service Agency (USDA-FSA) Farm Loan Program. The complaint alleges that on at least three different occasions Mr. and Mrs. Wise have requested a hearing before the Department of Agriculture's Administrative Law Judge seeking an expedited formal hearing on the merits. The complaint further requests that the Agency stop all offsets against plaintiffs until the hearings and all appeals are completed. In the background of the complaint, Mr. Wise alleges that his rights under the Equal Credit Opportunity Act (ECOA) were recklessly disregarded by their USDA-FSA loan manager and that he has suffered actual damages and severe emotional distress. Mr. Wise further states that the government has violated the Pigford

2

Consent Decree by attempting to foreclose on the subject property and by failing to provide a hearing on the merits.

Other than the relief requested by Mr. Wise, his complaint is generally comprised of copied language from other cases, including his own proceeding filed in the United States District Court for the District of Columbia. *See Wise v. United States*, Civil Action No. 15-01331 (CKK), 2015 WL 8024002, at *1 (D.D.C. Dec. 4, 2015), *aff'd,* 654 Fed. App'x 2 (D.C. Cir. 2016). Indeed, the background section of the instant complaint copies verbatim from the memorandum opinion entered by the D.D.C. on December 4, 2015. *Id.* That memorandum opinion and related order granted a motion to dismiss the Wises complaint for failure to state a claim upon which relief could be granted and dismissed the remaining defendants on *res judicata* grounds. Beyond reciting language from an order entered in a prior case involving the Wises, the complaint currently before the undersigned does no more than provide block quotations from other cases on, *inter alia*, the Due Process Clause of the Fifth Amendment, the Administrative Procedures Act, and the preclusive effect of administrative proceedings on ECOA claims.

Mr. Wise has failed to allege any facts, much less sufficient facts to state a claim that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court would note that Mr. Wise is no stranger to the federal courts and the rules and procedures which accompany the filing of an action. *See, e.g., Wise*, No. CV 15-01331 (CKK), 2015 WL 8024002, at *5 n. 2 (discussing cases involving the Wises in the E.D.N.C.); *see also United States v. Wise*, No. 5:14-CV-844-FL (E.D.N.C.); *Wise v. United States Dept. of Agriculture*, No. 4:13-CV-234-BO (E.D.N.C.). Finally, although it is difficult to discern from the complaint what actions by the USDA Mr. Wise specifically complains of, it has already been determined that the USDA did

3

not abuse its discretion by not holding a formal hearing as requested by the Wises. *Wise*, 2015 WL 8024002 *8.

## CONCLUSION

Accordingly, for the foregoing reasons, the Memorandum and Recommendation of Judge Gates is ADOPTED and plaintiff Dorothy Wise is DISMISSED. The motion to proceed *in forma pauperis* is GRANTED and the complaint is DISMISSED in its entirety for failure to state a claim.

SO ORDERED.

This the 16 day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4